OPINION OF THE COURT
PER CURIAM.
Weng Qing Fen, a twenty-one-year old native and citizen of the People’s Republic of China, petitions for review of a final order of removal entered by the Board of Immigration Appeals (“BIA”). For the reasons that follow, we will deny the petition.
Fen unlawfully entered the United States in 2006, conceded his removability in proceedings before the Immigration Judge (“U”), and applied for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). Fen asserted that he suffered past persecution and has a well-founded fear of future persecution on the basis of his involvement in China with an unregistered Christian church.
Fen testified before the IJ that he began regularly attending the chui*ch with his mother in July 2004, at age sixteen. The police purportedly arrested Fen and his mother at a church meeting on December 31, 2004, and pressured Fen to divulge the names of church attendees who had evaded arrest. Fen claimed that he refused to provide any names, was detained for a week, and was mistreated during his detention, including being hit in the face. Fen also testified that the police forced him to sign a letter promising that he would cease attending the church. Fen’s mother was detained for one month.
Fen allegedly was arrested a second time, on March 13, 2005, this time at the home of the church pastor, with the police detaining Fen for two weeks before transferring him to a juvenile labor camp, where he was held for one month. Fen claimed that he was forced to perform menial labor, made to attend “brainwashing sessions,” and occasionally beaten. Although his parents and brother remain in China, Fen arranged to be smuggled into the United States, via a handful of other *786 countries, at the age of eighteen. Fen currently attends a church in New York City, where he was baptized in April 2007.
The IJ denied Feris application, finding that Fen failed to support his testimony with needed corroborating evidence, including from individuals in China and his church in New York. The BIA agreed and dismissed Fen’s appeal, finding no clear error in the IJ’s findings of fact as well as insufficient evidence to support the asylum claim. The BIA noted that Fen failed to provide corroborating evidence to support the crux of his claim, including evidence of his membership in the unregistered church and his participation in the church in New York. An unsworn letter purportedly from Feris mother was deemed insufficient. The BIA further held that it was reasonable to expect Fen to produce corroborating evidence, and that his explanations for failing to do so were unavailing. The BIA added that Feris alleged fear of future persecution is undermined by the fact that his parents and brother, all Christians, continue to reside safely in China. The BIA also rejected the claims for withholding of removal and CAT relief.
Fen timely filed a petition for review in this Court. We have jurisdiction under 8 U.S.C. § 1252(a). “Where, as here, the BIA issues a decision on the merits and not simply a summary affirmance, we review the BIA’s, and not the IJ’s, decision.” Chavarria v. Gonzalez, 446 F.3d 508, 515 (3d Cir.2006). “The BIA’s determination will not be disturbed unless any reasonable adjudicator would be compelled to conclude to the contrary.” Yu v. Att’y Gen., 513 F.3d 346, 348 (3d Cir.2008) (quotation marks omitted).
Feris principal contention on appeal appears to be that the BIA erred because it never expressly rejected the credibility of his testimony, and therefore it unreasonably required corroboration to support his claim. We find no merit in this contention. The BIA observed that the IJ had “questioned [Fenj’s credibility, [but] did not make an explicit adverse credibility finding.” But “notwithstanding doubts about [Fen]’s credibility,” the BIA rejected Feris claim solely on the ground that he had failed to sustain his burden of proof by not providing sufficient corroborating evidence.
We have held that “[a]n alien’s testimony, if credible, may be sufficient to sustain the burden of proof without corroboration.” Kamara v. Att’y Gen., 420 F.3d 202, 213 (3d Cir.2005) (quotation marks omitted). But it by no means follows that credible testimony never requires corroborating evidence. See, e.g., Sandie v. Att’y Gen., 562 F.3d 246, 252 (3d Cir.2009) (“[C]redible testimony alone is not always sufficient to meet the burden of proof.”).
The REAL ID Act of 2005, which the BIA correctly noted is applicable here given that Fen filed his application after May 11, 2005, expressly provides that “[t]he testimony of the applicant may be sufficient ... without corroboration, but only if the applicant satisfies the trier of fact that the applicant’s testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee.” 8 U.S.C. § 1158(b)(l)(B)(ii) (emphases added). Further, “[w]here the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence.” Id. § 1158(b)(l)(B)(ii).[1] Additionally, with re *787 spect to judicial review of a finding as to the availability of corroborating evidence, “[n]o court shall reverse a determination made by a trier of fact with respect to the availability of corroborating evidence, as described in section 1158(b)(1)(B) ... unless the court finds ... that a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable.” 8 U.S.C. § 1252(b)(4)(D).
The BIA concluded that Fen’s testimony alone, even if credible, was insufficiently persuasive to establish refugee status. The BIA thus held that it was appropriate to expect Fen to corroborate the “critical elements of his claim,” including membership in the unregistered church and participation in the New York church. But as the IJ observed, Fen failed to submit an affidavit from his pastor or from church members in China, or indeed any evidence (other than an unsworn letter from his mother) to substantiate his alleged underground church activities and arrests. Fen also provided no affidavit or evidence from his New York pastor, who is also from Fujian Province and could be expected to support Fen’s story in some manner and verify Fen’s current church activities. Fen also provided no evidence from any fellow church member in New York.
“It is reasonable to expect corroboration where the facts are central to the applicant’s claim and easily subject to verification.” Chukwu v. Att’y Gen., 484 F.3d 185, 192 (3d Cir.2007). Fen’s church-related activities are at the heart of his claim. Fen testified that he had no evidence from his New York pastor because the pastor was “busy,” and that fellow church members would not want to get involved in his asylum case due to the “sensitive issues.” The BIA did not err in rejecting of these explanations. Fen testified vaguely about his knowledge of Christianity, provided inadequate documentary evidence of his activities in China, and other than submitting a photograph of his baptism, failed to corroborate his church affiliation. Substantial evidence supports the BIA’s finding that Fen failed to sustain his burden of proof.
Because Fen failed to meet his burden of proof on asylum, the BIA did not err in holding thát he necessarily failed to meet the higher standard required for withholding of removal. See Gomez-Zuluaga, v. Att’y Gen., 527 F.3d 330, 348-49 (3d Cir. 2008). Fen also argues, in conclusory fashion, that he will be subjected to torture if returned to China, but he points to nothing specific in the record, and we have found no evidence, to suggest that the BIA erred in denying his claim for CAT relief.
For these reasons, we will deny the petition for review.

. As the government notes in its brief, § i 158(b)(l)(B)(ii) essentially codifies the standard for corroboration that the BIA had adopted in Matter of 21 I. & N. Dec. 722 (BIA 1997). The S-M-J- rule requires a three-part inquiry: (1) an identification of the facts for which it is reasonable to expect cor *787 roboration; (2) an inquiry as to whether the applicant has provided information corroborating the relevant facts; and, if he or she has not, (3) an analysis of whether the applicant has adequately explained his or her failure to do so. See Abdulai v. Ashcroft, 239 F.3d 542, 554 (3d Cir.2001) (holding that the S-M-J-rule is not per se invalid and therefore "the BIA may sometimes require otherwise-credible applicants to supply corroborating evidence in order to meet their burden of proof”).